United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN TULL,

Plaintiff,

v.

BROOKE JENKINS, et al.,

Defendants.

Case No. 24-cv-06599-SK

**ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIM**

Regarding Docket No. 88

On July 24, 2026, the Court granted in part and denied in part the motion for summary judgment filed by Defendants the City and County of San Francisco (the "City") and San Francisco District Attorney Brooke Jenkins (collectively, "Defendants"). (Dkt. No. 65.) The Court denied summary judgment on Plaintiff's claims that the City violated the Public Safety Officers Procedural Bill of Rights Act ("POBR"), Cal. Govt. Code §§ 3303(g), 3305, and 3306. The Court granted summary judgment on Plaintiff's First Cause of Action for violation of California Labor Code § 1050 against both Defendants, Second Cause of Action for denial of procedural due process under 42 U.S.C. § 1983 against both Defendants, Third Cause of Action for denial of equal protection under 42 U.S.C. § 1983 against both Defendants, Fourth Cause of Action for violation of POBR § 3304(b) against the City, and Sixth Cause of Action for violation of FEHA against the City. The Court also granted summary judgment to Defendants on the claims that Plaintiff abandoned: Fourth Cause of Action for POBR violations against Jenkins; Fifth Cause of Action for Wrongful Discharge in Violation of Public Policy against both Defendants; Sixth Cause of Action for violation of FEHA against Jenkins; and Seventh Cause of Action for Retaliation under Government Code § 12653 against both Defendants. Thus, the sole remaining claim is Plaintiff's state claim under the Public Safety Officers Procedural Bill of Rights Act, Cal. Govt. Code §§ 3303(g), 3305, and 3306.

United States District Court
Northern District of California

Defendants move to remand Plaintiff's remaining state law claim to state court. (Dkt. No. 88.) Plaintiff filed a statement of non-opposition to Defendants' motion to remand. (Dkt. No. 92.) A district court may decline exercising supplemental jurisdiction over state claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to remand, courts should "consider and weigh ... the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). The Court concludes that exercising supplemental jurisdiction over the sole remaining state claim is not appropriate. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 651 (9th Cir. 1984) (usually dismissal of federal claims before trial dictates that the pendent state claims should be dismissed) (citation omitted).

First, the comity and fairness factors do not weigh in favor of the Court's exercising supplemental jurisdiction over the sole remaining state law claim. The only remaining questions in this case involve unsettled questions of state law that implicate POBR. The unsettled questions of state law before this Court properly belong before a state court. *See Millar v. Bay Area Rapid Transit Dist.*, 236 F.Supp.2d 1110, 1120 (N.D. Cal. 2002) (it is "preferable as a matter of comity (respect for our sister state institutions) for state court judges to apply state law to plaintiff's state-law claims."); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) ("The Supreme Court has stated, and we have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal citation and quotation marks omitted).

The factor of judicial economy weighs slightly in favor of the Court's retaining jurisdiction over the sole remaining state law claim. The Court, though, finds that the other factors outweigh this factor and thus declines to exercise supplemental jurisdiction over the sole remaining state law claim. *See*, *e.g.*, *Otto v. Heckler,* 802 F.2d 337, 338 (9th Cir.1986) ("The district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice.") (internal citation omitted).

United States District Court
Northern District of California

Although the City moved to remand the case, the Court notes that, because Plaintiff did not remove this action from state court, dismissal without prejudice, instead of remand, is appropriate. Therefore, the Court DISMISSES Plaintiff's sole remaining claim that the City violated the Public Safety Officers Procedural Bill of Rights Act, Cal. Govt. Code §§ 3303(g), 3305, and 3306 WITHOUT PREJUDICE to refiling this claim in state court within thirty days.

**IT IS SO ORDERED**.

Dated: August 13, 2026

SALLIE KIM
United States Magistrate Judge